# ATTACHMENT H



**Office of University Counsel**

4400 University Drive, MS 2A3, Merten Hall Suite 5400,
Fairfax, VA 22030
Phone: 703-993-2619; Fax: 703-993-2340

July 30, 2021

Jenin Younes
New Civil Liberties Alliance
jenin.younes@ncla.legal

**BY ELECTRONIC MAIL**

Dear Ms. Younes:

     I write in response to your July 21, 2021 letter regarding Professor Todd Zywicki and George Mason University's ("Mason") COVID-19 prevention policies for the Fall 2021 semester.  Your letter asks us to update you on any changes to our policies since your letter.  As I believe you are aware, since your letter Mason has announced that all employees are required to have received at least one dose of a COVID-19 vaccine by August 15, 2021 (and provide proof of vaccination) or receive an approved exemption.  Mason's COVID-19 immunization policy can be found here: https://universitypolicy.gmu.edu/policies/covid-19-public-health-and-safety-precautions-immunization/.  Information about how employees can apply for an exemption can be found here: https://seerm.gmu.edu/gmu-covid-19-vaccine-clinics/vaccine-requirement/.

     As an employee of Mason, Professor Zywicki is required to comply with the vaccination policy as a condition of employment and, if he receives an exemption from the requirement to be vaccinated, to comply with Mason's requirements for unvaccinated employees and students (e.g, masking, physical distancing, and testing).[1]

---

[1] We note that courts have consistently upheld the ability of the government to require vaccines dating back to 1905 in *Jacobson v. Commonwealth of Mass.* and as recently as this month in *Klassen v. Trustees of Indiana Univ.*  Courts have also repeatedly rejected cases challenging face covering requirements and other COVID-19 prevention measures based on *Jacobson.  See, e.g.*, *Tigges v. Northam*, 473 F. Supp. 3d 559 (E.D. Va. 2020); *Whitfield v. Cuyahoga Cty. Pub. Libr. Found.*, No. 1:21 CV 0031, 2021 WL 1964360 (N.D. Ohio May 17, 2021); *Stewart v. Justice*, No. 3:20-0611, 2021 WL 472937 (S.D. W. Va. Feb. 9. 2021); *Forbes v. Cty. of San Diego*, No. 20-cv-00998-BAS-JLB, 2021 WL 843175 (S.D. Cal. Mar. 4, 2021); *Oakes v. Collier Cty.*, No.: 2:20-cv-568-FtM-38NPM, 2021 WL 268387 (M.D. Fla. Jan. 27, 2021).  In addition, Mason acts as a government employer and thus has "far broader powers" and "significantly greater leeway" then when the government acts as a sovereign as was the case in the above cited cases.  *See Enquist v. Or. Dep't of Agric.*, 553 U.S. 591, 598 (2008).

Mason is not currently exempting individuals who previously had COVID-19 from the vaccination requirement as such an exemption is not consistent with the guidance issued by the CDC. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html ("[Y]ou should be vaccinated regardless of whether you already had COVID-19. That's because experts do not yet know how long you are protected from getting sick again after recovering from COVID-19. . . Studies have shown that vaccination provides a strong boost in protection in people who have recovered from COVID-19"), and https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (unvaccinated individuals should wear masks when in indoor public places). As with all of its COVID-19 requirements and policies, Mason is continuously reviewing the medical science and the guidance from federal and state public health agencies and updating its requirements and policies as necessary.

While Professor Zywicki would not automatically be exempt from these requirements because of his previous COVID-19 infection, he may be eligible for other exemptions. If Professor Zywicki and his physician(s) believe that administration of the immunizing agents in the COVID-19 vaccine may be detrimental to his health, he should follow the instructions on the above-referenced Mason website to submit a request for a medical exemption. Requests for medical exemptions are reviewed by University medical professionals, and such requests may be granted if supported by appropriate documentation and current medical science.

Please be aware that other exemptions are available to employees. If an employee has a religious objection to the vaccine, the employee can apply for a religious exemption using the process provided on the above Mason website. An employee could also seek approval for a fully remote telework agreement and agree not to come to campus, which if approved would also exempt the employee from the vaccine requirement. Finally, if an employee requires an accommodation from the face covering requirement due to a disability, the employee can seek an accommodation from Mason's ADA Coordinator.

It would be premature for Professor Zywicki to file legal action before he has sought any applicable exemption and/or accommodation through these processes.

Please feel free to contact me directly at bwalther@gmu.edu should you wish to discuss this matter further.

Sincerely,

*[signature]*

Brian Walther
University Counsel
George Mason University